Thomas K. Coan, OSB #89173
tom@tomcoan.com
Attorney at Law
1001 SW Fifth Ave., Suite 1400
Portland, OR 97204
(503) 221-8736

Attorney for David VanBeenen

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                 )<br>     Plaintiff,                  )<br>                                 )<br>vs.                              )<br>                                 )<br>JOSH HALL, and                   )<br>DAVID VAN BEENEN,                )<br>                                 )<br>     Defendant.                  )<br>                                 ) | Case No. CR 10-229-BR<br><br>MOTION FOR PRODUCTION OF<br>*BRADY* MATERIAL AND<br>EVIDENCE PERTAINING TO<br>CREDIBILITY OF ANY<br>GOVERNMENT WITNESS |

**I.      Motion**

Defendant David VanBeenen, through his attorney Thomas K. Coan, hereby moves the Court, pursuant to Mr. VanBeenen's Fifth Amendment right to due process and the holdings in *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Giglio*, 405 U.S. 150, 154-55 (1972); and *Kyles v. Whitley*, 514 U.S. 419 (1995), to order the government to immediately produce all *Brady* material and evidence in its possession, and further to produce all evidence material and relevant to ascertaining the credibility of any government witness, including, but not limited to:

    1.      Any and all writings setting forth deals, promises, inducements, grants of immunity or representations made by the government to the witness in exchange for

Page 1 – MOTION FOR PRODUCTION OF *BRADY* MATERIAL AND EVIDENCE
PERTAINING TO CREDIBILITY OF ANY GOVERNMENT WITNESS

cooperation and/or testimony;

2.	Any and all government memoranda regarding the witness's cooperation;

3.	Any and all correspondence and/or e-mail communication between the government and the witness or the witness's counsel, including, but not limited to, all e-mail communications agents and attorneys for any government witnesses if such communications relate to cooperation and/or testimony their clients might provide;

4.	Any and all documents, reports, receipts, or other writings setting forth or referring to payments or leniency received (or to be received) by the witness in return for his cooperation and testimony in the case;

5.	Any and all records, documents, reports, letters, memoranda, and other written documentation concerning any polygraph examination or psychological/psychiatric examination administered to said witnesses;

6.	Any and all records, documents, reports, IRS materials, tax returns, 1099's, or other writings documenting the payment of taxes on income received by an informant/cooperating witness from the government;

7.	Any and all records, documents, reports, memoranda, or other writings describing prior bad acts, including, but not limited to, criminal misconduct, performed by a government witness and reflecting on the credibility of that witness; and

8.	Any and all tape or video recordings of individuals whom the government intends to call as witnesses at trial;

Pursuant to the authorities referenced above, Mr. VanBeenen further requests the Court order the government to certify that it has fulfilled its duty to learn of all evidence favorable to Mr. VanBeenen, known to or currently in the possession of federal agencies

and /or state entities acting on behalf of the government in this case, by conducting an inquiry of said agencies and entities and reviewing the records and documents which they currently possess.

This motion is based on the Memorandum of Points and Authorities filed concurrently herewith and the records and files of the Court with respect to the above-referenced action.

## II. The Court Should Order Immediate Production Of All Material Relevant To Grants Of Immunity And/or Witness Cooperation Agreements.

Under *Brady v. Maryland*, 373 U.S. 83 (1963), a defendant has a right to the production of exculpatory evidence in the possession of the government. *Brady* information includes "material. . . that bears on the credibility of a significant witness in the case." *United States v. Strifler*, 851F.2d 1197, 1201 (9th Cir. 1988); *see, e.g., United States v. Alvarez*, 86 F.3d 901, 904-05 (9th Cir.1996) (police officer's rough notes subject to disclosure). Exculpatory evidence subject to constitutionally-compelled disclosure includes impeachment evidence. *United States v. Bagley*, 473U.S. 667, 676 (1985); *Giglio v. United States*, 405 U.S. 150,m 154 (1972); *United States v. Gordon*,844 F.2d 1397, 1403 (9th Cir. 1988). Evidence regarding inducements, promises, or representations made to a government witness in return for that witness's testimony is material and must be disclosed to the accused. *Bagley v. Lumpkin*, 798 F.2d 1297, 1302 (9th Cir. 1983); *United States v. Shaffer*, 789 F.2d 682, 689 (1986).[1]

---

[1] Enforcement of the government's *Brady* obligation requires recognition of a broader standard of materiality in the pretrial context than in the post-conviction, appeal context. Hence, in *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1200 (C.D. Cal. 1999),

Page 3 – MOTION FOR PRODUCTION OF *BRADY* MATERIAL AND EVIDENCE PERTAINING TO CREDIBILITY OF ANY GOVERNMENT WITNESS

In *Shaffer* the defendant requested evidence regarding the government's agreement with an immunized witness, including any promises made to the witness in return for his testimony, as well as internal government documents regarding the witness's cooperation. In response to the defendant's request, the government produced the grand jury testimony of the witness and an immunity agreement. The defendant later learned the government had withheld information related to the witness's involvement in a related investigation and money paid to the witness, as well as other inducements, in return for his testimony. The *Shaffer* court held that the government had not fulfilled its *Brady* obligation and ordered the government to produce all evidence requested by the defendant relating to the immunized witness's cooperation with the government.

The prosecutor's duty to disclose potentially exculpatory evidence to the defense is not limited to information and/or items of evidence known to the prosecutor at the time a request for discovery is made. As the Supreme Court stated in *Kyles v. Whitley*, 514 U.S. 419, 437 (1995):"[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." In circumstances where it is unclear whether the government has forthrightly disclosed all *Brady* material, the government should be required to "demonstrate whether it discharged its obligation under *Brady*." *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). A similar point was made by the court in *Smith v. Secretary of N.M. Dept. of Corrections*, 50 F.3d 801, 824 (10th Cir. 1995):

> [T]he "prosecution for *Brady* purposes encompasses not only the individual prosecutor handling the case, but also extends

---

the court held "that *Brady* requires disclosure of exculpatory information that is either admissible or is reasonably likely to lead to admissible evidence."

Page 4 – MOTION FOR PRODUCTION OF *BRADY* MATERIAL AND EVIDENCE PERTAINING TO CREDIBILITY OF ANY GOVERNMENT WITNESS

> to . . . law enforcement personnel and other arms of the state involved in investigative aspects of a particular criminal venture.

The government is obligated to seek evidence favorable to Mr. VanBeenen from any and all federal agencies involved in the investigation and prosecution of the instant case. *See United States v. Osorio*, 929 F.2d 753 (1st Cir. 1991)("[T]he prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of government."); *United States v. Bryan*, 868 F.2d 1032, 1036-37 (9th Cir. 1989). Agency involvement in the investigation of a particular defendant is not required as a condition precedent to formation of a duty of inquiry. Rather, the government is responsible for production of documents responsive to a request of which the government has knowledge and to which it has access. *United States v. Santiago*, 46 F.3d 885, 893-94 (9th Cir. 1995). As the court stated in *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995):

> [U]nder *Brady* the agency charged with administration of the statute, which has consulted the prosecutor in the steps leading to prosecution, is to be considered as part of the prosecution in determining what information must be made available to the defendant charged with violation of the statute. The government cannot with its right hand say it has nothing while its left hand holds what is of value.

Rewards or promises, formal or informal, made by the government to a witness in exchange for testimony must be disclosed. *See United States v. Smith*, 77 F.3d 511, 515 (D.C. Cir. 1996)(failure to disclose that in addition to leniency in federal case, witness's state court cases were being dismissed was violation of *Brady*); *Ouimette v. Moran*, 942 F.2d 1 (1st Cir. 1991)(failure to disclose extensive criminal record of state's chief witness and witness's deals with state violated *Brady*). Information concerning prior bad acts of a witness not resulting in prosecution must also be disclosed. *See United States v. Boyd*, 55

F.3d 239, 244 (7th Cir. 1995); *United States v. Brumel-Alvarez*, 976 F.2d 1235, 1244 (9th Cir. 1992)(conviction reversed when government failed to disclose memo written by retired DEA agent highly critical of main government informant's integrity and role in investigation). The prior criminal conviction record of a witness, including juvenile court records, must be disclosed. *United States v. Montes-Cardenas*, 746 F.2d 771 (11th Cir. 1984); *Camitsch v. Risley*, 705 F.2d 351 (9th Cir. 1983).

Reports of polygraph examinations performed on government witnesses are subject to disclosure under *Brady* (*Carter v. Fafferty*, 826 F.2d 1299 (3rd Cir. 1987)(finding that *Brady* applies to oral as well as written reports of polygraph exams)), as are records of psychiatric treatment received by a witness. *United States v. Smith*, 77 F.3d 511, 516 (D.C. Cir. 1996). Promises to provide assistance with respect to a witness's civil tax or administrative liability (*United States v. Wolfson*, 437 F.2d 862 (2nd Cir. 1970)) and enrollment in the federal witness protection program(*United States v. Librach*, 520 F.2d 550 (8th Cir. 1975)) must also be disclosed. An informant witness's tax returns are subject to disclosure. *See United States v. Wigoda*, 521 F.2d 1221 (7th Cir.1975); *United States v. Robertson*, 634 F. Supp. 1020 (E.D. Cal. 1986). *See also* Internal Revenue Code Sections 6103(i)(1) and 6103(i)(2).

### III. Conclusion

In light of the above, Mr. VanBeenen moves the Court to enter an order directing the government(1) to disclose all exculpatory evidence in its possession, or as to which it has knowledge, pertaining o Mr. VanBeenen; (2) to conduct an inquiry of all state and federal agencies involved in the investigation and prosecution of the instant case as regards the existence of exculpatory information, and to further advise Mr. VanBeenen's counsel

as regards the name of the agency contacted, the name of the agency's representative contacted, and the results of that contact no less than ten (10) days prior to trial; and (3) to disclose all information and evidence in its possession or subject to its control that is relevant to the assessment of the credibility of any government witness.

       DATED this 21st day of September 2011.

                                    *Thomas K. Coan*  
                                    Thomas K. Coan, OSB 89173  
                                    Attorney for Defendant Van Beenen