Thomas K. Coan, OSB #89173
tom@tomcoan.com
Attorney at Law
1001 SW Fifth Ave.
Suite 1400
Portland, OR 97204
(503) 221-8736
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 10-229-BR |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PETITION TO ENTER PLEA OF GUILTY, |
| | ) | CERTIFICATE OF COUNSEL, AND ORDER |
| | ) | ENTERING PLEA |
| DAVID VANBEENEN, | ) | |
| Defendant. | ) | |

Defendant represents the following to the court:

1.      My name is David VanBeenen.  I am 35 years old.  I have gone to school up to and including four years of college.

2.      My attorney is Thomas Coan.

3.      My attorney and I have discussed my case fully.  I received a copy of the *Superseding Information*, read it, and discussed it with my attorney.  My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case.  I have been advised

and understand that the elements of the charges alleged against me to which I am pleading "GUILTY" are as follows:

    1. Making a false statement to a federally insured financial institution;

    2. Knowing the statement was false; and

    3. Made for the purpose of influencing an action of the financial institution.

    I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case. I understand that the court may ask whether I am satisfied with the advice I have received from my attorney.

    4.    I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

    5.    I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days.

    6.    I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

    7.    I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

    a.       The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

    b.       The right to have the assistance of an attorney at all stages of the proceedings;

    c.       The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

    d.       The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

    e.       The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

    f.       The right not to be compelled to incriminate myself.

8.       I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters not related to the court's jurisdiction.

9.       In this case I am pleading "GUILTY" under Rule 11(c)(1)(A)&(B).  My attorney has explained the effect of my plea under those rules to be as follows: although the judge will consider the recommendations and agreements of both the prosecution and defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements.  If the judge imposes a sentence different from what I expected to receive under the terms of my Plea Agreement with the prosecutor, I do not have a right to withdraw my plea.

Page 3 – PETITION TO PLEAD GUILTY

10.     I know the maximum sentence which can be imposed upon me for the crime(s) to which I am pleading guilty is 30 years imprisonment and a fine of $1,000,000. There is no mandatory minimum sentence.

11.     I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100 per count of conviction.

12.     I know that if I am ordered to pay a fine, and I willfully refuse to pay it, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13.     My attorney has discussed with me the Federal Sentencing Guidelines. I understand that the Federal Sentencing Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the sentence to be imposed, must consider those factors set forth in Title 18, United States Code, Section 3553(a), including, but not limited to: the nature and circumstances of the offense, my own history and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the advisory sentencing range established by the Sentencing Guidelines. I understand the judge is charged with deciding a reasonable sentence based on the totality of circumstances, and the Federal Sentencing Guidelines are one of the factors the judge must consider in determining a reasonable sentence, and that there is no guarantee that my sentence will be within the guideline range. If my attorney or any other person has calculated a guideline range for me, I know that this is only a prediction and that it is the judge who makes the final decision as to what the guideline range is and what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14.     I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the

full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15.    I know that if I am sentenced to prison, the judge can impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release can be up to 5 years. If I violate the conditions of supervised release, I may be sent back to prison for up to 60 months.

16.    I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17.    On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18.    If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty here my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19.    If I have another case pending in any state or federal court, I know that my
Petition and Plea Agreement in this case do not, in the absence of an express and written
agreement, apply to my other case(s), and that I can be faced with consecutive sentences of
imprisonment.

20.    My plea of "GUILTY" is based on a Plea Agreement that I have made with
the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have
read the Plea Agreement and I understand it.

21.    The Plea Agreement contains the only agreement between the United States
government and me. No officer or agent of any branch of government (federal, state or
local) or anyone else has promised or suggested that I will receive a lesser term of
imprisonment, or probation, or any other form of leniency if I plead "GUILTY" except as
stated in the Plea Agreement. I understand that I cannot rely on any promise or suggestion
made to me by a government agent or officer which is not stated in writing in the Plea
Agreement, or which is not presented to the judge in my presence in open court at the time
of the entry of my plea of guilty.

22.    My plea of "GUILTY" is not the result of force, threat, or intimidation.

23.    I hereby request that the judge accept my plea of "GUILTY" to the
following count: Count 1(d).

24.    I know that the judge must be satisfied that a crime occurred and that I
committed that crime before my plea of "GUILTY" can be accepted. With respect to the
charge(s) to which I am pleading guilty, I represent that I did the following acts and that
the following facts are true: With respect to Count 1(d): I made a representation in a Real
Estate Purchase and Sale Agreement that the seller contribution would be 2% of the
closing costs when in fact I knew the seller would contribute all the closing costs and the
down payment, and this was done to help secure the loan.

Page 6 – PETITION TO PLEAD GUILTY

25.    I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me in the presence of my attorney, after reading all of the foregoing pages and paragraphs of this Petition on _____10 / 25_____ 2011.

David J. VanBeenen

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant Johnny Ray Brown, hereby certifies:

1.      I have fully explained to the defendant the allegations contained in the indictment or Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2.      I have personally examined the attached Petition to Enter Plea of Guilty and Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the petition.

3.      I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6) - (20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4.      I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above named defendant, and after full discussion with the defendant of the contents of the Petition to Enter Plea of Guilty, and any Plea Agreement, on this 25th day of October 2011.

Thomas K. Coan, OSB 89173
Attorney for Defendant

ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 25th day of October 2011, in open court.

Hon. Anna J. Brown
U.S. District Court Judge