

**U.S. Department of Justice**

*Dwight C. Holton*
*United States Attorney*
*District of Oregon*

*1000 SW Third Avenue, Ste. 600*  (503) 727-1000
*Portland, OR  97204-2902*  Fax: (503) 727-1117

*Michelle Holman Kerin*
*Assistant United States Attorney*
*Direct: (503) 727-1178*
*Michelle.Kerin@usdoj.gov*

October 6, 2011

Mr. Thomas K. Coan
1001 SW 5th Ave., Ste. 1400
Portland, OR 97204

    Re:    *United States v. David VanBeenen, et al.,* Case No. 10-CR-00229-BR
           Amended Plea Agreement Letter

Dear Mr. Coan:

Pursuant to our conversations and emails, below is an amended offer to resolve the charges against your client, David VanBeenen.

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant is charged with multiple counts in the Indictment in this matter. Defendant agrees to plead guilty to the attached Superceding Information which charges the crime of False Statements to a Bank, in violation of Title 18, United States Code, Section 1014. Defendant agrees to waive his right to presentation to the grand jury.

3.    **Penalties**: The maximum sentence to False Statements to a Bank is thirty (30) years imprisonment, a fine of $1,000,000, five (5) years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO agrees to dismiss the Indictment, without prejudice.  The USAO further agrees not to bring additional charges against defendant, in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement, provided defendant does not breach this agreement.

5.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the

Revised 7-21-08

Mr. Tom Coan
Re: David VanBeenen Plea Agreement
Page 2

factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.  **Relevant Conduct**: The parties agree that under U.S.S.G. § 2B1.1, the base offense level is seven (7), and that the offense level should be increased twelve (12) under U.S.S.G. § 2B1.1(b)(1) because the total loss exceeds $200,000 but is less than $400,000. This results in an offense level of 19.

7.  **Restitution**: Defendant agrees to pay full restitution to the victims of his crime. The government will present a final loss calculation to the court at the time of sentencing.

8.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility, including by filing a Motion to Withdraw his plea (on any basis) and as otherwise explained in U.S.S.G. § 3E1.1.

9.  **Parties' Recommended Sentence**: The Parties agree and will recommend that defendant serve a three (3) year probationary sentence. Defendant also agrees and understands that as a condition of this recommendation, defendant will take all necessary steps to administratively forfeit any license he holds to engage in the financial services industry. Failure to do so is a breach of this agreement. The parties agree that a term of probation along with the other terms outlined in this agreement meet the criteria of 18 U.S.C. §3553 because it adequately protects the public from defendant, who is unlikely to engage in further criminal conduct, it promotes respect for the law and it provides for just punishment as defendant is giving up his livelihood and accepting a felony record. Moreover, the sentence and terms of this agreement promote general deterrence as well.

10. **Additional Departures, Adjustments, or Variances:**

    A.  The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of this agreement, except as specified in this agreement.

    B.  The USAO will seek a downward departure to a probationary sentence for the reasons outlined in paragraph 8 and pursuant to 18 U.S.C. §3553.

Revised 7-21-08

Mr. Tom Coan
Re: David VanBeenen Plea Agreement
Page 3

11. **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12. **Court Not Bound:** The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the parties' agreements or recommendations.

13. **Full Disclosure/Reservation of Rights:** The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Memorialization of Agreement:** No promises, agreements or conditions other than those set forth in this agreement and the attached cooperation agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

DWIGHT C. HOLTON
United States Attorney

/s/ Michelle Holman Kerin
Michelle Holman Kerin
Assistant United States Attorney

Revised 7-21-08

Mr. Tom Coan
Re: David VanBeenen Plea Agreement
Page 4

 

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

_10/25/11_
Date

_[signature]_
David VanBeenen, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

_10/25/11_
Date

_[signature]_
Tom Coan, Attorney for Defendant

Revised 7-21-08