**S. AMANDA MARSHALL, OSB #953473**
United States Attorney, District of Oregon
**MICHELLE HOLMAN KERIN, OSB #965278**
Michelle.Kerin@usdoj.gov
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000

      Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | No. CR-10-00229-02-BR |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| DAVID VAN BEENEN, | |
| DEFENDANT. | |

The United States of America, by and through S. Amanda Marshall, United States Attorney for the District of Oregon, and Michelle Holman Kerin, Assistant United States Attorney,  hereby submits this Sentencing Memorandum for the court to consider in sentencing defendant David VanBeenen.  The government and the defendant recommend that the court sentence defendant to one (1) day in jail and three (3) years of supervised release.

## I.     FACTUAL BACKGROUND

The Presentence Report (PSR) accurately reflects the events that were the basis for the charge against defendant.

## II. GUIDELINES CALCULATION

There are no disputes regarding the advisory sentencing guidelines in this matter. The parties agree that the Probation Office properly calculated defendant's criminal history as Category I. The parties further agree that the base offense level is seven (7) pursuant to U.S.S.G. §2B1.1(a)(1)(A). The parties agree that a twelve (12) level increase specific offense characteristics pursuant to U.S.S.G. §2B1.1(b)(1)(G)[1] is appropriate. The government also agrees that a downward departure of three (3) levels pursuant to U.S.S.G. §3E1.1 for the defendant's acceptance of responsibility, is appropriate. Accordingly, the resulting guideline level is 16 with an advisory guideline sentencing range of 21-27 months. After considering the factors of 18 U.S.C. §3553(a), the government and defendant recommend that the court impose a sentence of one (1) day in jail and three (3) years of supervised release.

## III. SENTENCE RECOMMENDATION

### A. Legal Standard

The sentencing guidelines are advisory in nature. *United States v. Booker*, 543 U.S. 220 (2005). They are one of the statutory factors that sentencing courts must consider when imposing a sentence. *See* 18 U.S.C. §3553(a)(4); *United States v. Rita*, 551 U.S. 338 (2007). They serve as "the starting point and the initial benchmark" in every sentencing proceeding, *Gall v. United States*, 552 U.S. 38, 39 (2007), and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita*, 551 U.S. at 350. The remaining factors include the defendant's history and characteristics, the nature

---

[1] The loss is more than $200,000 and less than $400,000.

and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. 18 U.S.C. §§3553(a)(1)-(2). They also include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6). *See also Rita*, 551 U.S. at 347-48 (enumerating the statutory sentencing factors); *Gall*, 552 U.S. at 49 n.6 (same).

In *United States v. Carty*, 520 F.3d 984 (9th Cir.), *cert. denied sub nom. Zavala v. United States*, 128 S.Ct. 2491 (2008), the Ninth Circuit, sitting *en banc*, summarized the procedures a sentencing court must follow. The court must first correctly determine the applicable guideline range. *Id.* at 991. The court must also allow the parties to "argue for a sentence they believe is appropriate," and must "consider the §3553(a) factors to decide if they support the sentence suggested by the parties." *Id*. The court may not presume the guidelines are reasonable, and should not give them any more or any less weight than any other factor. *Id*. The court "must make an individualized determination based on the facts," and must explain its choice of sentence "sufficiently to permit meaningful appellate review." *Id.* at 991-92.

B.   **Basis for Recommendation**

The parties each recommend that the Court sentence this defendant to one (1) day imprisonment and three (3) years of supervised release. The government believes that the proposed penalties reflect the seriousness of defendant's crime, provide just punishment for the

/ / /

Page 3–GOVERNMENT'S SENTENCING MEMO
       *U.S. v. David VanBeenen*, CR-10-229-02-BR

offense, promote respect for the law and deter defendant and the public from violating the law in the future.

        1.      <u>Given the Nature of Defendant's Crime and the Resulting Harm, the Recommended Sentence is Appropriate.</u>

A sentence of one (1) day imprisonment and three (3) years supervised release is fair and necessary to accomplish the goals of sentencing. Compared with other cases in which defendants who committed mortgage fraud were sentenced to time in prison, the defendant's criminal conduct was confined to properties that he owned or had a financial interest in. Defendant appeared to be motivated, in large part, to save his own properties and his business venture. Moreover, other than the loss to the financial institution in this case (which is significant), defendant did not ensnare others in his wrong doing, as other larger mortgage fraud schemes often involve. The defendant's use of a straw purchaser and then lies to a financial institution certainly violated the law, but they were not part of a larger criminal scheme. Additionally, defendant has agreed to forfeit any license he has to engage in the financial services industry[2] and a felony conviction will prevent defendant from performing most jobs within the real estate or financial services industry. Further, the defendant has agreed to pay (and is required to pay) full restitution to the victim in this case. As the PSR reflects the defendant is an intelligent, motivated and educated individual–as such, he will likely continue to be successful and be able to repay the victim of his crime. Accordingly, a sentence of one (1) day imprisonment and three

---

[2]The plea agreement requires defendant to initiate the process to forfeit his licenses to work in the financial services industry. Defendant has started but not completed that process. The government therefore, asks that forfeiting his licenses to practice in the financial services industry be a condition of his supervised release.

Page 4–GOVERNMENT'S SENTENCING MEMO
     *U.S. v. David VanBeenen*, CR-10-229-02-BR

(3) years supervised release adequately addresses the nature of the harm caused by the defendant as well as the resulting harm.

        2.        The Recommended Sentence Does Not Impose Unwarranted Sentencing Disparities Among Defendants Who Have Been Found Guilty of Similar Conduct.

The recommended sentence does not result in disparities of similarly situated defendants. The following cases involve defendants who engaged in mortgage fraud, were convicted of a crime and were thereafter sentenced to either probation or one-day in jail: U.S. v. Nicolas Cooper, CR 10-225-JO (sixty months probation after pleading guilty to one count of wire fraud); U.S. v. Jennifer Venable, CR 10-22-JO (sixty months probation after pleading guilty to one count of wire fraud); U.S. v. Beau Thomas, CR 10-269-BR (three years probation after pleading guilty to one count of wire fraud); U.S. v. Andrew Shute, CR 10-224-JO (five years probation after pleading guilty to one count of wire fraud); U.S. v. Beniamin Lucescu CR 09-247-MO (one day in jail after a jury convicted defendant of 3 counts of bank fraud and 2 counts of wire fraud); U.S. v. Nikolai Rzegocki, CR 10-254-BR (five years of probation after pleading guilty to one count of wire fraud); U.S. v. Chael Sonnen, 10 -CR-00502-MO (two years of probation after pleading guilty to money laundering charge). The recommended sentence of defendant is therefore, consistent with others similarly situated.

## IV.    RESTITUTION

Restitution in this matter is governed by the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, which requires that a defendant be ordered to pay restitution to a victim who is directly and proximately harmed as a result of the fraud. *See United States v. Peterson*, 538 F.3d

1064, 1074 (9th Cir. 2008). The "primary and overarching goal" of the MVRA "is to make victims of crime *whole*, to *fully* compensate these victims for their losses and to restore these victims to their original state of well-being." *United States v. Gordon*, 393 F.3d 1044, 1053 (9th Cir.2004) (internal quotations and citation omitted).

The government ask this court to set over the determination of restitution for one month and counsel for defendant has indicated he does not object. The reason is because a recent Ninth Circuit case, U.S. v. Yueng, __ F.3d 1667 (9th Cir., Feb. 13, 2012) changed the type of evidence required for the court to consider in awarding restitution in a case where the original lender is not the victim, as is the case here. The government needs to apprise the victim of the change in law and give it an opportunity to present the appropriate information to the court.

### V.    CONCLUSION

The government and the defendant recommend that the proposed sentence of one (1) day imprisonment and three (3) years supervised release to reflect the seriousness of defendant's crime, provide just punishment for the offense, promote respect for the law, and deter defendant and others from violating the law in the future. 18 U.S.C. §§ 3553(a)(2)(A) and 3553(a)(2)(B).

DATED this 15th day of February, 2012.

        S. AMANDA MARSHALL
        United States Attorney

        */s/ Michelle Holman Kerin*
        MICHELLE HOLMAN KERIN, OSB#965278
        Assistant United States Attorney